come before the register and prove up a claim for the balance unpaid. Would it not be the duty of the register to reject his claim and refuse to allow him to prove? It may be, on the other hand, that the mortgaged property brings largely over the amount of the debt. The overplus then becomes payable to the assignee of the bankrupt. There may then arise a necessity for proceedings to find out the overplus. The act contemplates that all these matters shall be done in connection with the assignee, and that the fact that anything is due the creditor shall be ascertained under the provisions of this law.

Let us see further in reference to another class of liens, judgments, attachments, &c. "No creditor proving his claim shall be allowed to maintain any suit in law or equity therefor; and no creditor whose debt is provable under the bankrupt law, shall be allowed to prosecute to final judgment any suit in law or equity therefor against the bankrupt, till the question of his final discharge shall have been determined, and every such suit, upon the application of the bankrupt, shall be stayed. Attachments are to be dissolved after the bankruptcy," &c. There is no distinction in the law between one kind of a lien creditor and another, whether the lien is an unsatisfied judgment or mortgage on real or personal property. The twenty-second section of the law was here cited, and its provisions relative to the form and manner of proving claims against bankrupt estates. Why those provisions, if a person having a secured claim may proceed independently of the bankrupt law? Those provisions apply to claims secured by mortgage of personalty or realty, as well as to claims unsecured. (Here the judge cited the provisions of the twenty-fifth section of the law.) Any other theory than that the lien creditor must apply to the court and prove up his claim against the estate of the bankrupt, is entirely irreconcilable with the provisions of the act. All the rights of the lien creditor are preserved in the United States courts, but he must apply under and in accordance with the law. Without going any more into detail, it suffices that in all sales under deed of trust outstanding, when such deeds have been given by bankrupts, the party holding claims secured by deeds of trust must come in and prove his claim. If he does not do so it is the assignee's privilege and his duty to cite the party into court, and the court will review the case. The decision is, a bill in equity will lie to review all sales made under deeds of trust subsequent to bankruptcy. This, at the same time that it preserves the interest of the estate, is no disadvantage to the creditor. The defendant's counsel, in offering the demurrer, objects that the bill does not allege a want of knowledge on the part of the assignee of the sale by the trustee. The proper notice to the assignee is by proof of claim before a register.

## Case No. 3,619.

### In re DAVIS.

[See Case No. 3,620.]

## Case No. 3,620.

### In re DAVIS.

[1 Sawy. 260;[1] 4 N. B. R. 715; 8 N. B. R. 167.]

District Court, D. California. Aug. 13, 1870.

BANKRUPTCY—JURISDICTION OF ORDINARY TRIBUNALS.

The ordinary tribunals are not deprived, by mere force of an adjudication in bankruptcy, of jurisdiction over suits against the bankrupt. The proceedings in such suits may be arrested or controlled by the bankruptcy court, when necessary for the purposes of justice; but in the absence of such interference, the jurisdiction of the ordinary tribunals remains unimpaired and their judgments are valid.

[Cited in Hudson v. Schwab, Case No. 6,835; Kimberling v. Hartly, 1 Fed. 575.]

[In bankruptcy. In the matter of Irwin Davis.]

Thompson & Wilson, for bankrupt.
Hambleton & Gordon, for assignee.
W. W. Cope, for respondent.

HOFFMAN, District Judge. In this case, a temporary injunction was granted, on the petition of the assignee, against certain creditors of the bankrupt, restraining them from prosecuting a suit commenced by them in the fifteenth district court, to foreclose a mortgage held by them as security for a debt. A rule was also entered, requiring them to show cause why a perpetual injunction should not issue as prayed for by the assignee. On the return day of this rule the parties appeared, and the questions presented by the case were elaborately argued.

The ground on which the assignee desires the interposition of the court is, that it will be for the interest of the estate that the mortgaged property be sold at private sale, subject to the mortgage, and that by this means the sum of $1,500, stipulated in the mortgage, to be paid as attorney's fees, in case of foreclosure, may be saved. It is suggested, on the other hand, that the property is subject to various liens subsequent to that of the mortgage—that these liens are held by parties absent from the state, and not within reach of the process of this court; and that, to foreclose and cut off these liens and make a clear title to the purchaser, they must be brought in by publication and constructive service, as provided for by the laws of this state. The amount of the debt and the validity of the lien of the mortgage are not contested; nor is it suggested that any unfair advantage is sought by the proceedings in the state court.

The right of the mortgagees to the benefit of their security being thus undisputed, and

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]